THE COUNTY OF ST. CLAIR, Plaintiff-Appellee, v. JAMES FAUST, as Trustee of the James Faust Land Trust, *et al.*, Defendants-Appellants (Paul Haas, St. Clair County Treasurer, *et al.*, Defendants).

Fifth District    No. 5—95—0067

Opinion filed March 1, 1996.

Floyd E. Crowder and Timothy A. Gutknecht, both of Crowder & Scoggins, Ltd., of Columbia, and Delmar Koebel, of O'Fallon, for appellants.

Bernard J. Ysursa, of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Defendants, James Faust and John Faust, appeal from an order and judgment of the St. Clair County circuit court vesting title to defendants' farmland in the plaintiff, St. Clair County, and fixing preliminary just compensation for the separately owned parcels of land.

On September 15, 1994, the plaintiff filed four complaints for condemnation and four motions for immediate vesting of title, seeking to acquire St. Clair County parcel numbers 250, 254, 255, and 256 owned by James Faust or John Faust, either as individuals or as trustees of the J and J Faust Family Land Trust or the James Faust Family Land Trust. In the complaints, St. Clair County alleged that it was authorized by the General County Airport and Landing Field Act (620 ILCS 40/1 *et seq.* (West 1994)), the Scott Joint-Use Airport agreement, and the "quick-take" provisions of section 7—103(21) of the Code of Civil Procedure (735 ILCS 5/7—103(21) (West 1994)) to condemn and acquire defendants' real property in connection with the construction of the joint-use airport at Scott Air Force Base.

The defendants filed traverses and motions to dismiss, challenging St. Clair County's authority to condemn the property and alleging that the county improperly used a wetlands designation as the justification for the taking.

At the conclusion of a hearing, the trial court entered an order finding that St. Clair County properly exercised its right of eminent domain, that the property was to be acquired for a public purpose, and that St. Clair County had made a *bona fide* attempt to purchase the property. On December 27, 1994, the trial court granted St. Clair County's motions for immediate vesting of title. In this order the trial court fixed preliminary just compensation as follows: $95,000 for parcel No. 255; $150,000 for parcel No. 254; $5,000 for parcel No. 256; and $50,000 for parcel No. 250. Three days later, on December 30, 1994, the trial court entered a second order vesting title in St. Clair County and fixing just compensation at the same levels as in the December 27, 1994, order. Defendants' motion for reconsideration was denied on January 18, 1995, and this interlocutory appeal followed pursuant to Supreme Court Rule 307(a)(7). 155 Ill. 2d R. 307(a)(7).

■ We must initially address plaintiff's claim that we are without jurisdiction to hear this appeal. Plaintiff argues that defendants did not appeal from the December 30, 1994, order which made more specific findings than the December 27, 1994, order. Plaintiff then argues that the December 27, 1994, order only made findings as to necessity and compensation, neither of which is appealable at this stage.

We disagree with the plaintiff's assertion. Contrary to plaintiff's arguments, we find that the December 30, 1994, order is a superfluous order which did not differ in substance from the December 27, 1994, order. Thus, the December 30, 1994, order is irrelevant to this appeal, and we have jurisdiction to consider the defendants' interlocutory appeal of the December 27, 1994, order.

■ With respect to review of condemnation actions, our supreme court has held in an unbroken line of decisions that "where the right to condemn exists, and the property is subject to the right of eminent domain and is being condemned for a public use, and the right to condemn is not being abused, courts cannot deny the right to condemn on the ground that the exercise of power is unnecessary or not expedient, as the determination of that question devolves upon the legislative branch of the government and is a question which the judicial branch of government cannot determine; and that in such cases courts may only rightfully determine whether a petitioner has the power to exercise the right of eminent domain, whether the property is subject to the right of eminent domain and is being taken for a public use, whether the power is being abused, as by taking of an excessive amount of property, and other kindred questions which do not involve a determination of the necessity or expediency of the taking of the lands sought to be condemned." *City of Chicago v. Vaccarro*, 408 Ill. 587, 596-97, 97 N.E.2d 766, 772 (1951).

■ On appeal, the defendants assert that St. Clair County failed to properly exercise its powers of eminent domain and that St. Clair County's powers of eminent domain do not include the power to take for wetland mitigation purposes. Having reviewed the record and the relevant statutory provisions applicable to this case, we conclude that St. Clair County properly exercised its powers of eminent domain. Pursuant to the General County Airport and Landing Field Act (620 ILCS 40/1 *et seq.* (West 1994)), article VII of the Code of Civil Procedure (735 ILCS 5/7—101 *et seq.* (West 1994)), and the Scott Joint-Use Airport agreement, we believe that the stated purpose, wetland mitigation, is an authorized and appropriate use of the eminent domain power.

Defendants next contend that St. Clair County's taking is grossly

excessive. We agree. The joint-use airport project took approximately 80 acres of wetland forest out of service. David Cornell, an engineer and project manager for the Scott Joint-Use Airport project, testified that in order to comply with Federal regulations, the Army Corps of Engineers required that this loss of wetlands be mitigated by creating 81.4 acres of substitute wetlands. Cornell stated that in exercising the county's eminent domain authority, he elected to condemn 200 acres of the defendants' property. According to Cornell, 85 of these acres are to be supplied to the Army Corps of Engineers as wetland mitigation. The additional 115 acres are not being offered to the Army Corps of Engineers but are desirable to the county in order "[t]o create a wetland value that's commensurate with the wetlands that are being taken out of use."

We find that St. Clair County's condemnation of the additional acreage is grossly in excess of the amount of land necessary for the public use. The trial court clearly abused its discretion in finding otherwise. Where the amount of property sought to be taken is grossly in excess of the amount necessary for the public use, the taking must be stopped. *Forest Preserve District v. Wike*, 3 Ill. 2d 49, 56, 119 N.E.2d 734, 738 (1954).

The Corps of Engineers required 81.4 acres to be substituted for wetlands lost in the project. That is what should be taken. Because of local topography, some additional property in excess of 81.4 acres may need to be taken to satisfy the wetlands requirement. In such a circumstance, it would not be improper to take additional land. However, the additional land should be the *minimum* necessary to reasonably comply with the wetlands mitigation requirement.

■ Finally, the defendants contend that the trial court erred in failing to allocate its preliminary finding of the amount of just compensation between the distinct owners of the respective parcels and tracts of real property taken. We agree.

In *Department of Transportation v. White*, 264 Ill. App. 3d 145, 636 N.E.2d 1204 (1994), this court held that " 'it is the duty of the [fact finder] to first fix the fair cash market value of the entire property as between the petitioner and all the defendants, *and then to divide the same according to the respective rights of the defendants.*' " (Emphasis added.) *White*, 264 Ill. App. 3d at 151, 636 N.E.2d at 1208-09, quoting *Lambert v. Giffin*, 257 Ill. 152, 158, 100 N.E. 496, 499 (1912). In *White*, we suggested that a bifurcated proceeding would be appropriate where multiple interests are involved. *White*, 264 Ill. App. 3d at 151, 636 N.E.2d at 1209. In a separate apportionment hearing, testimony should be elicited regarding the fair market value of the separate interests of the multiple defendants. *White*, 264 Ill.

App. 3d at 151, 636 N.E.2d at 1209. The trial court failed to hold an apportionment hearing or apportion the fair market value of the separate interests among the multiple defendants. Hence, on remand the circuit court must allocate the proceeds according to the interests of the defendants.

Due to our disposition of this matter, we need not address defendants' final contention that they were denied adequate discovery on the issue of the plaintiff's exercise of its power of eminent domain.

Accordingly, we affirm the judgment of the circuit court of St. Clair County in part, reverse in part, and remand the cause for further proceedings consistent with this decision. In light of our decision herein, defendants' motion to strike part of the record is moot.

Affirmed in part and reversed in part; cause remanded with directions.

CHAPMAN and WELCH, JJ., concur.